# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STACEY JONES, <br> Plaintiff <br><br> v. <br><br> GLENMEDE TRUST CO. et al., <br> Defendants | CIVIL ACTION <br><br> NO. 20-5705 |

## MEMORANDUM RE: PARTIAL MOTION TO DISMISS

**Baylson, J.**  June 22, 2021

## I.  Introduction

Stacey Jones ("Plaintiff") is a Black female over forty, employed as a business analyst. Defendants Glenmede Trust Corp. and Glenmede Trust Co. (together, "Glenmede") are a privately-owned business in the banking and financial industry. Plaintiff alleges patterns of race, sex-, and age-based discrimination by Glenmede. Plaintiff alleges that Glenmede failed to promote her but promoted less-qualified persons who are not her race, sex, or age. The Amended Complaint lists seven counts:

- Count One: Race Discrimination in Violation of Title VII.
- Count Two: Retaliation in Violation of Title VII.
- Count Three: Sex Discrimination in Violation of Title VII.
- Count Four: Race Discrimination in Violation of 42 U.S.C. § 1981.
- Count Five: Racially Hostile Work Environment in Violation of 42 U.S.C. § 1981.
- Count Six: Retaliation in Violation of 42 U.S.C. § 1981.
- Count Seven: Age Discrimination in Violation of the Age Discrimination in Employment Act ("ADEA").

In this present motion under Rule 12(b)(6), Glenmede challenges Plaintiff's complaint on administrative notice grounds. Discrimination claims under Title VII and the ADEA must be presented to the Equal Employment Opportunity Commission ("EEOC") for administrative review before a claimant may pursue litigation in federal court. The claimant must alert the EEOC of the

1

purported misconduct within 300 days of their occurrence to satisfy the administrative review requirement (subject to tolling exceptions that are inapplicable here). 42 U.S.C.A. § 2000e-5(e)(1); Mikula v. Allegheny Cnty., 583 F.3d 181, 185 (3d Cir. 2009) (per curiam). As relevant here, the 300-day window for notice to the EEOC ("Window") is from July 24, 2019, to May 19, 2020. Here, Glenmede contends that (1) Plaintiff did not provide the EEOC with sufficient notice of her retaliation claim and (2) Plaintiff included untimely allegations in her Amended Complaint that arose outside the Window for filing with the EEOC (which Glenmede contends are untimely and non-actionable and should be stricken from the Amended Complaint).

But Plaintiff sufficiently described concerns of retaliation in her Charge to put the EEOC on notice, including that she participated in protected acts and there were adverse actions against her. Therefore, the Court will DENY the Motion to Dismiss as to Count Two. Based on the Charge's timing, Glenmede claims (and Plaintiff agrees) that Plaintiff cannot assert claims arising outside the Window. Thus, the Court will GRANT-IN-PART the Motion to Dismiss for Counts One, Three, and Seven for untimely claims because Plaintiff may not continue with any claims that were not timely presented to the EEOC; the Court will not dismiss Plaintiff's timely allegations. The Court will also DENY the Motion to Strike the allegations relating to earlier discrimination or retaliation because the allegations are potentially admissible to Plaintiff's claims.

## II. Factual and Procedural History

### A. Factual Allegations

For the purposes of a motion to dismiss, the Court will assume as true all factual allegations in the plaintiff's complaint.

Plaintiff is a Black female over forty, employed from 2013 to 2021 as a business analyst for Glenmede, a privately-owned business in the banking and financial industry. Am. Compl.

¶¶ 3-6 (ECF No. 10). She was out on medical leave since May 2020 due to illness caused by the stress of what she was experiencing at work.[1] Id. ¶¶ 83, 94.

Beginning in 2016, Plaintiff allegedly experienced tension with her boss, whom she believed denied her promotions based on her race, sex, and / or age. Am. Compl. ¶¶ 23-25, 26, 43, 46, 48, 54-55, 57, 60-61, 71, 73, 75, 77-78, 85, 88, 93, 122. Specifically, in October 2019 and April 2020, Plaintiff was denied two promotions, allegedly based on her race, sex, and / or age, since the promoted persons were less qualified than she was for the position and were non-Black, male, and / or under forty. Id. ¶¶ 72, 80, 89, 92, 95-97, 101-02, 114, 129.

Plaintiff later allegedly complained to Human Resources numerous times about these denied promotions and prior instances of purported discrimination, but Human Resources allegedly never fully investigated nor resolved her complaints. Id. ¶¶ 28-29, 33-38, 40-42, 46, 49-50, 53, 63-65, 67, 79, 84-86, 98, 107-08, 126-27. Additionally, during the Window and after Plaintiff complained to Human Resources, Plaintiff lost key responsibilities and authorities of her position, allegedly in retaliation for her complaints to Human Resources. Id. ¶¶ 74-79, 87-88, 90-91, 98, 109-11, 131. Glenmede also transferred Plaintiff to an undesired position working under a Caucasian woman under forty, allegedly in retaliation for her complaints to Human Resources. Id. ¶ 111. Plaintiff was denied a promotion again in October 2020. Id. ¶ 88.

B. The EEOC Charge

Plaintiff filed an EEOC Charge on May 19, 2020. Ex. A. to Am. Compl. (ECF No. 10-1). The Charge is a signed statement asserting that an organization engaged in employment discrimination and requests that the EEOC take remedial action. Federal Express Corp. v.

---

[1] Plaintiff confirmed at oral arguments for this Motion that she was recently terminated after exhausting her available leave. ECF No. 16.

Holowecki, 552 U.S. 389, 393 (2008).  Plaintiff checked the "Retaliation" box on the Charge as well as the boxes for race, sex, and age discrimination.  Ex. A. to Am. Compl. (ECF No. 10-1).  In the written section of the Charge, Plaintiff stated:

> Since some time in 2018 I have made attempts to be promoted to a Vice President appointment, which occurs in April and October of each year. When I escalated my concerns to Human Resources I was told that I needed a development plan. . . .This past October 2019 and April 2020, I was again denied the promotion while Respondent has continued to give external applicants and internal employees with less education, and less experience appointments as Vice President. I have continued to complain to HR that I am being blocked for promotion, but each time Respondent has failed to meaningfully investigate and resolve my complaints.
>
> I believe I am being discriminated against due to my sex, race, age and in retaliation of my complaints  . . . . I further allege that after I complained to Human Resources my work has decreased, and assignments have been taken away from me to continue to deny me the appointment.

Id.

C.  Procedural History

Following the filing of Plaintiff's EEOC Charge in May 2020, the EEOC issued Plaintiff a right to sue letter on August 28, 2020.  Am. Compl. ¶ 2.  This letter required that Plaintiff file a complaint in court within ninety days.  42 U.S.C.A. § 2000e-5(e)(1).

Plaintiff did so, initiating the present suit on November 16, 2020.  ECF No. 1.  Glenmede filed a Motion to Dismiss on February 22, 2021.  ECF No. 7.  Plaintiff filed an Amended Complaint on March 25, 2021.  ECF No. 10.  Therefore, this Court denied the first Motion to Dismiss as moot on the same date.  ECF No. 11.  On April 8, 2021, Glenmede filed this instant Partial Motion to Dismiss in response to the Amended Complaint.  ECF No. 12.  Plaintiff responded to this Motion on April 28, 2021.  ECF No. 13.  Glenmede replied on May 5, 2021.  ECF No. 14.  The Court held argument on this Partial Motion to Dismiss on June 9, 2021.  ECF No. 16.

## III. Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), the Court "accept[s] all factual allegations as true [and] construe[s] them in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

The Court in Iqbal explained that, although a court must accept as true all factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Iqbal, 556 U.S. at 678, 684. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. at 678 (citing Twombly, 550 U.S. at 555); see also Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (citing Twombly, 550 U.S. at 556 n.3) ("We caution that[,] without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests."). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

## IV. Analysis

Glenmede's motion to dismiss contains several contentions as to Plaintiff's claims in her Amended Complaint. First, Glenmede contends that Plaintiff failed to administratively exhaust her retaliation claim with the EEOC and therefore is barred from bringing one here. Defs. Partial Mot. to Dismiss 14, 16-17. Specifically, Glenmede asserts that Plaintiff failed to put the EEOC

on notice to investigate her retaliation claim because she did not identify a protected activity nor an adverse employment action with enough specificity in her EEOC Charge. Id. at 17-18. Second, Glenmede contends that Plaintiff asserts untimely allegations in Counts One, Three, and Seven that are outside of the 300-day window, which should be dismissed and / or stricken from the Amended Complaint. Id. at 14, 17.

    A. EEOC Notice Framework

Before a plaintiff can sue under Title VII or the ADEA, a plaintiff must exhaust all administrative remedies by timely filing a charge with the EEOC and receiving a right-to-sue letter from the EEOC after it investigates. 42 U.S.C.A. § 2000e-5(e)(1); Mikula, 583 F.3d at 183-85. A Title VII or ADEA claim is time-barred if a plaintiff does not file an EEOC charge for the claim within 300 days of its occurrence (subject to tolling exceptions that are inapplicable here). 42 U.S.C.A. § 2000e-5(e)(1); Mikula, 583 F.3d at 185. After administrative exhaustion, a plaintiff can sue under Title VII or the ADEA, but the court may only consider claims "that are within the scope of the initial administrative charge" to the EEOC. Barzanty v. Verizon PA, Inc., 361 F. App'x 411, 413-14 (3d Cir. 2010) (citing Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1996)). Thus, a plaintiff cannot seek damages for events that occurred after she filed her EEOC charge. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002). Such a plaintiff would need to file a new charge and proceed through administrative review before litigating those more recent events.

For administrative exhaustion, a plaintiff must have sufficiently notified the EEOC of the purported retaliation, such that the EEOC would know to investigate retaliation. Morales v. PNC Bank, N.A., No. 10-1368, 2011 WL 3425644 at *4 (E.D. Pa. Aug. 4, 2011) (Buckwalter, J.) (citing Antol, 82 F.3d at 1295). The court must look at whether the claims are fairly within the scope of the EEOC complaint or the ensuing investigation. Mandel v. M & Q Packaging Corp., 706 F.3d

157, 163 (3d Cir. 2013). Furthermore, the court must not read a plaintiff's EEOC Charge too narrowly and must "keep in mind that charges are drafted by one who is not well versed in the art of legal description." Paige v. Crozier Chester Med. Ctr., No. 08-0149, 2009 WL 533068, at *5 (E.D. Pa. Mar. 3, 2009) (Pratter, J.) (quoting Hicks v. ABT Assocs., Inc., 572 F.2d 960, 965 (3d Cir. 1978)).[2] Therefore, the sufficiency of notice should be "liberally construed" in favor of the plaintiff. Morales, 2011 WL 3425644 at *4. A complaint does not need to mirror an EEOC Charge; the facts stated in the Charge must only be ample and specific enough to put the EEOC on notice of the claim. Mullen v. Topper's Salon and Health Spa, 99 F. Supp. 2d 553, 556 (E.D. Pa. 2000) (Ludwig, J.).

  B. Count Two: Glenmede argues that Plaintiff failed to exhaust all administrative remedies.

Glenmede contends that Plaintiff failed to administratively exhaust her retaliation claim. Defs. Partial Mot. to Dismiss 17. Glenmede contends that the retaliation claim is not within the scope of Plaintiff's EEOC Charge[3] because Plaintiff did not allege a protected activity nor an adverse action with enough specificity in the Charge to put the EEOC on notice.[4] Id. at 17-18. At the hearing, Glenmede argued that Plaintiff did not plead a prima facie case in the Amended

---

[2] Plaintiff's attorney confirmed that Plaintiff filed her EEOC charge on her own, without counsel. ECF No. 16.

[3] The parties agree that the Court cannot consider the EEOC Inquiry Form, a second document attached to the Amended Complaint, in evaluating whether Plaintiff timely asserted her allegations and exhausted administrative remedies. See Spencer v. Comcast Corp., 2017 WL 660854 (E.D. Pa. Feb. 17, 2017) (Surrick, J.).

[4] Glenmede framed this argument in terms of whether Glenmede received notice through Plaintiff's EEOC Charge. The Court need not consider this distinction here, as the sufficiency of notice to the EEOC is the same as that of notice to Glenmede. See Barzanty, 361 F. App'x at 414 ("Because the EEOC is required to serve notice on the employer against whom the charges are made, this standard also allows an employer to be put on notice of the claims likely to be filed against it.").

Complaint, and Plaintiff's EEOC Charge was insufficient because there was no indication of her own particular race and sex nor any specific pre-termination activities. ECF No. 16.

Plaintiff asserts that she did administratively exhaust her retaliation claim because her Charge sufficiently addressed her claims: she checked the box for "retaliation" and, in her written summary, told the EEOC that she faced discrimination, complained to Human Resources, and lost key responsibilities as a result of those complaints. Pl. Resp. in Opp'n 5-10; Ex. A. to Am. Compl. (ECF No. 10-1). Plaintiff argued that the EEOC Charge does not require the specificity that Glenmede alleges, and by inference, the Charge included everything necessary to put the EEOC and Glenmede on notice. ECF No. 16. Protected activity includes informal actions, such as making complaints to management or expressing support for co-workers who have filed formal charges. See, e.g., Hallman v. PPL Corp., No. 11-2834, 2013 WL 1285470, at *10 (E.D. Pa. Mar. 28, 2013) (Gardner, J.).

In King v. Integer/Medplast, No. 18-5193, 2019 WL 5569073 at *4 (E.D. Pa. Oct. 28, 2019) (Goldberg, J.), the plaintiff adequately notified the EEOC of his retaliation claim. Specifically, the EEOC was on notice because (1) the plaintiff checked the "retaliation" box on the EEOC Charge and (2) the plaintiff suggested in the Charge that, before his denied promotion, he engaged in protected activity by complaining to Human Resources about the defendant's discriminatory practices and stated that he has been and continues to be "retaliated against for having engaged in protected activity." King, 2019 WL 556073 at *4.

Here, Plaintiff's Charge sufficiently put the EEOC on notice of her retaliation claim, and thus she has administratively exhausted her claim. In King, the court found that the plaintiff did notify the EEOC when he checked the retaliation box on the Charge and mentioned concerns of retaliation for reporting discrimination to Human Resources. Here, Plaintiff did the same thing:

8

she checked the "retaliation" box on her Charge and told the EEOC that she had faced retaliation after complaining to Human Resources about discrimination. Ex. A. to Am. Compl. (ECF 10-1).

Glenmede also contends that Plaintiff's Charge does not establish a prima facie case of retaliation, including that the Charge did not specifically connect her complaints to a protected status or connect her loss of responsibilities to those complaints.[5] Defs. Partial Mot. to Dismiss 17-18. But Glenmede has requested more specificity than the law requires. See, e.g., Holowecki, 552 U.S. at 402 ("For a filing to be deemed a charge, it must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee.").

Although Plaintiff's Charge is not as detailed as the one in King, the same key information required by the law is there. Plaintiff stated in her Charge that she "believe[d] that [she] was being discriminated against due to [her] sex, race, age and in retaliation for [her complaints]" and alleged adverse employment actions, including that after she complained to Human Resources, "[her] work . . . decreased and assignments [were] taken away from [her] . . . ." Ex. A. to Am. Compl. (ECF No. 10-1). Plaintiff stated in her Charge that she participated in protected activity when she complained to Human Resources about denied promotions based on discriminatory intent, and she experienced adverse employment actions as a result of those complaints. Ex. A. to Am. Compl. (ECF No. 10-1). Construing her Charge liberally, Plaintiff checked the appropriate boxes and gave

---

[5] Glenmede compares Plaintiff's Charge to the one found insufficient in Mulholland v. Classic Mgmt. Inc., No. 09-2525, 2010 WL 2470834 at *5 (E.D. Pa. June 14, 2010) (Pollack, J.). But Mulholland is distinguishable: the claimant failed to check the retaliation box and her factual narrative mentioned neither engaging in protected pre-termination activities or harms resulting from these protected activities. See also Barzanty, 361 F. App'x 411, 414 (3d Cir. 2010) (holding that the EEOC was not on notice of the plaintiff's hostile work environment claim because the plaintiff did not check the box and there were no facts nor analogous language in her Charge to suggest a hostile work environment claim). That is not the case here.

enough specificity in her factual allegations to put the EEOC on notice. Plaintiff's allegations regarding retaliation were reasonably within the scope of the EEOC Charge and / or the investigation that would arise from it. Mandel, 706 F.3d at 163.

Plaintiff sufficiently put the EEOC on notice of her retaliation claim. Therefore, the Court finds that Plaintiff administratively exhausted her retaliation claim and the Court will DENY the Motion to Dismiss as to Count Two.

C. Counts One, Three, and Seven: Glenmede argues many of Plaintiff's allegations are untimely and should be dismissed.

Glenmede contends that Counts One, Three, and Seven include untimely allegations and the Court should dismiss with prejudice Counts One, Three, and Seven to the extent they rely on alleged discrimination outside the Window. Defs. Partial Mot. to Dismiss 14, 16-17. Plaintiff agrees that she can only include alleged discrimination that occurred within the Window. Pl. Resp. in Opp'n 12-14.

Under Title VII and the ADEA, notice to the EEOC is timely only if a plaintiff alerts the EEOC within 300 days of the complained-of incident. Mikula, 583 F.3d at 185. After administrative exhaustion, a plaintiff can sue under Title VII or the ADEA, but the court may only consider claims previously raised with the EEOC. Webb v. City of Phila., 562 F.3d 256, 262-63 (3d Cir. 2009). Thus, a plaintiff cannot seek damages for events that occurred after she filed her EEOC charge or outside of the 300-day window. Nat'l R.R. Passenger Corp., 536 U.S. at 113.

Therefore, Plaintiff's non-barred claims are allegations of denied promotions in October 2019 and April 2020. Because the parties agree on this issue, the Court GRANTS the Motion to Dismiss as to any claims arising outside that period. The Court will dismiss with prejudice the untimely pre-Window allegations. Any post-Window allegations are hereby dismissed without prejudice because Plaintiff could still timely file those claims with the EEOC, with leave to amend.

D. Counts One, Three, and Seven: Glenmede asks the Court to strike Plaintiff's untimely allegations.

Glenmede contends that Counts One, Three, and Seven include untimely allegations, and the Court should strike them from the Amended Complaint.[6] Defs. Partial Mot. to Dismiss 14, 17. Plaintiff asserts the language in Counts One, Three, and Seven of the Amended Complaint provides background and context to acts that occurred within the Window, and these untimely allegations are therefore relevant to Plaintiff's surviving claims, including her § 1981 claim and other Title VII claims. Pl. Resp. in Opp'n 3-4.

Rule 12(f) of the Federal Rules of Civil Procedure provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." Synthes, Inc. v. Emerge Med., Inc., No. 11-1566, 2012 WL 4473228 at *3 (E.D. Pa. Sept. 28, 2012) (Buckwalter, J.). However, 12(f) motions to strike are disfavored and infrequently granted, usually only where the allegations have no relevance to the controversy and may prejudice the parties. Id.

The Court agrees that the allegations of pre-Window discrimination are potentially admissible and relevant for providing background information to Plaintiff's claims, including her § 1981 claim and her other Title VII claims. Thus, the Motion to Strike is DENIED as to Plaintiff's untimely allegations.

---

[6] Defendants do not make an explicit Rule 12(f) motion to strike but request the Court strike allegations as part of the requested remedy.

## V. Conclusion

For the foregoing reasons, the Court **DENIES** the Motion to Dismiss as to Count Two. The Court **GRANTS** the Motion to Dismiss with prejudice as to Plaintiff's pre-Window untimely allegations in Counts One, Three, and Seven, and **GRANTS** the Motion to Dismiss without prejudice as to Plaintiff's post-Window untimely allegations in Counts One, Three, and Seven. The Court **DENIES** the Motion to Strike as to Counts One, Three, and Seven.

An appropriate Order follows.

O:\CIVIL 20\20-5705 Jones v. Glenmede Trust\20-cv-5705 MTD memorandum.docx